**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Earl SMITH, Defendant–Appellant.**

No. 93–50770.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 1994.

Decided July 17, 1995.

---

J. Daniel McCurrie, Asst. U.S. Atty., Santa Ana, CA, for plaintiff-appellee.

Before CANBY, LEAVY and T.G. NELSON, Circuit Judges.

CANBY, Circuit Judge:

## I.

James Earl Smith appeals his conviction for bank robbery, entered upon his plea of guilty. He argues that his plea must be set aside because the district court failed to explain the nature of the charges to him in open court, as required by Fed.R.Crim.P. 11(c)(1). We vacate Smith's plea and conviction, and remand for entry of a new plea and further appropriate proceedings.

## II.

Before proceeding to the merits, we address a threshold jurisdictional issue. Smith filed his notice of appeal seven days late. We remanded his case to the district court for a determination whether Smith was to be granted an extension of time on the ground that his late filing was due to excusable neglect. *See* Fed.R.App.P. 4(b). The district court found that Smith's neglect was excusable, rendering his appeal timely. We then directed the parties to address in their briefs the question whether the district court abused its discretion in finding excusable neglect.

We now conclude that there was no abuse of discretion. The district court found that Smith and his attorney had attempted to contact each other regarding whether to file a notice of appeal, but that it was difficult for Smith's attorney to locate Smith because Smith was moved to prisons in different states three times during the period immediately following entry of the judgment. These findings provide the requisite "reasonable basis" for the court's ruling, *see United States v. Houser*, 804 F.2d 565, 569 (9th Cir.1986), especially in light of our special deference to the district courts with regard to findings of excusable neglect in criminal cases. *See*

Susan Dunleavy, Los Angeles, CA, for defendant-appellant.

*United States v. Prairie Pharmacy, Inc.,* 921 F.2d 211, 213 (9th Cir.1990). Indeed, the government on remand deferred to the judgment of the district court on the question of excusable neglect, although in response to our briefing order it now challenges the district court's finding. In light of all the circumstances, we find no abuse of discretion.

## III.

We proceed then to the merits of Smith's appeal.[1] The facts are not complicated. Smith and his four codefendants robbed a Wells Fargo Bank in Upland, California. They were promptly arrested and charged with bank robbery. All five defendants entered plea agreements and pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).

■ During Smith's plea hearing, Smith's attorney waived the reading of the indictment. The court did not mention or explain the nature of the charges to Smith. The district court therefore did not comply in terms with Fed.R.Crim.P. 11(c), which states at its outset:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) the nature of the charge to which the plea is offered....

We have held that the failure to explain the nature of the charge requires the vacation of a plea of guilty. *United States v. Bruce,* 976 F.2d 552, 559–60 (9th Cir.1992). The fact that the defendant waives the reading of the indictment does not excuse the omission. *Id.* at 560. It is true that we have permitted the prosecutor, at the court's request, to explain the nature of the charges at the plea hearing, *United States v. Sharp,* 941 F.2d 811, 816 (9th Cir.1991), but in the present case the prosecutor made no such explanation of the charges. The deviation from the requirement of Rule 11(c), therefore, appears to be a fatal one.

■ The government argues, however, that other events at the plea hearing communicated to Smith the nature of the charges against him. The district court carefully complied with all of the remaining requirements of Rule 11(c). In the course of so doing, the court asked the prosecutor to establish the factual basis for the plea. The prosecutor stated, among other things:

> Defendant Smith, Defendant Haggens, and Defendant Galbreath entered the bank while Defendant Dulley waited in the station wagon outside. Defendant Smith and Defendant Haggens hopped over the teller counter and took money from the tellers— took money from the teller stations. They left the bank, entered the station wagon, and made their getaway.

Smith then admitted to all of these facts. In addition, the district court asked Smith if he had discussed the case, "including the charges," thoroughly with his counsel, and whether he was satisfied with his counsel. Smith answered "yes" to both questions. Counsel later stated that he believed that Smith was making the plea "with a full understanding of the nature of the charges and the consequences of the plea."

■ While these recitations may satisfy other requirements of Rule 11(c), they do not convey to Smith the *nature of the charges* against him. Unquestionably he was informed of, and admitted, the *facts* underlying his plea. But an admission of the facts does not speak to the nature of the charge. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). In judging compliance with Rule 11, we are confined to the record of the plea proceeding. *Jaramillo–Suarez,* 857 F.2d 1368, 1372–73 (9th Cir. 1988); *United States v. Kamer,* 781 F.2d 1380, 1383 (9th Cir.), *cert. denied,* 479 U.S.

---

1. We review *de novo* whether the court's colloquy with the defendant satisfies the requirements of Rule 11(c)(1). *United States v. Bruce,* 976 F.2d 552, 559 (9th Cir.1992).

819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986). The record of the plea proceeding does not establish that Smith understood the charge or how it related to the facts.

▮ The recitations by both Smith and his attorney that they had discussed the nature of the charges with each other are also insufficient to satisfy the first requirement of Rule 11(c). Neither recitation specifies the crime charged or refers to its nature. The purpose of Rule 11(c) in requiring the judge to inform the defendant in open court of the nature of the charges and other matters is to create a record complete on its face, to forestall later attacks on the plea. *See Jaramillo–Suarez*, 857 F.2d at 1372–73. Even if we assume (without deciding) that the judge may delegate to defense counsel the responsibility to explain the charge, it is necessary that counsel inform the defendant in open court, so that in reviewing the record we may know what was said to the defendant. Here, neither Smith nor his counsel specified the crime charged or stated its nature in open court. The vague references to discussion of "the charges" and "the nature of the charges" does not provide a complete record showing compliance with Rule 11(c).

It is true that two decisions of this court, decided under a prior version of Rule 11(c), held it sufficient for the judge to ascertain that counsel had discussed the charges with the accused. *United States v. O'Donnell*, 539 F.2d 1233, 1236 (9th Cir.1976); *Guthrie v. United States*, 517 F.2d 416, 418 (9th Cir. 1975). Both cases were decided under the version of the Rule that preceded the 1974 amendments. That version required the court to address the defendant personally, and to determine that the plea was made "with understanding of the nature of the charge," but did not specify that the court in open court must inform the defendant of the nature of the charge. *See Jaramillo–Suarez*, 857 F.2d at 1371 n. 3. Thus in applying this earlier version of the Rule in *Guthrie*, we said: "We do not believe the rule was ever intended to require needless colloquy and time consuming padding of the record.

Rather, as long as the judge has satisfactorily demonstrated in the record the voluntariness of an accused's plea, and there appears a basis in fact to support the plea, the judge has followed the intent of the rule." *Guthrie*, 517 F.2d at 418.

It was exactly this permissive approach that the 1974 amendments were intended to counteract. As the Notes of the Advisory Committee on Rules state in discussing the 1974 amendments:

> Subdivision (c) prescribes the advice which the court must give to the defendant as a prerequisite to the acceptance of a plea of guilty. The former rule required that the court determine that the plea was made with "understanding of the nature of the charge and the consequences of the plea." The amendment identifies more specifically what must be explained to the defendant....

While a general assurance of counsel barely may have sufficed under the former rule, it clearly cannot under the present one. "It is incumbent upon a district judge accepting a plea to make the minor investment of time and effort necessary to set forth the meaning of the charges and to demonstrate on the record that the defendant understands." *Kamer*, 781 F.2d at 1385. There has been no such demonstration on the record in this case.

▮ The government argues that the plea agreement adequately described and explained the crime. It was established at the plea hearing that Smith and his counsel had the plea agreement before them at the lectern, and Smith's counsel acknowledged that Smith and he had signed the agreement. The agreement, which is in the form of a letter to Smith's counsel, states that the charge is one count of bank robbery in violation of 18 U.S.C. § 2113(a), and that to be guilty, "your client must have knowingly taken from Deborah Gunter, on April 15, 1993, by force or intimidation, money belonging to Wells Fargo Bank, ... an institution whose deposits were insured by the Federal Deposit Insurance Corporation at the time of that

taking." At the end of the agreement, Smith's signature appears over a statement that he had read and discussed all of the agreement with his counsel.

This provision of the plea agreement was not recited or even referred to in the plea proceeding, however. In the end, the government's argument is reduced to the fact that, at some point outside of the plea proceeding, Smith was probably informed of the charge. We recently rejected such a contention in *United States v. Kennell*, 15 F.3d 134 (9th Cir.1994). In *Kennell*, the judge neglected to inform the defendant at the plea proceeding that the judge was not bound by the plea agreement's recommended sentence and that the defendant would not have the right to withdraw the plea once entered. The prosecution argued that the omission was harmless because this advice was clearly set out in the plea agreement. We responded:

> Because there is a marked difference between being warned in open court by a district judge and reading some boilerplate language during the frequently hurried and hectic moments before court is opened for the taking of pleas and arraignments, the reading of the plea agreement is no substitute for rigid observance of Rule 11.

*Id.* at 136. Thus, "courtroom recitals that the defendant has read the agreement simply do not take the place of the judge's telling the defendant" the requisite Rule 11(c) information. *Id.* at 137.

■ The final question is whether the district court's failure to inform Smith of the nature of the charges was harmless error. Subsection (h) of Rule 11, added in the 1983 amendments, provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." This provision was added largely to counter the Supreme Court's ruling in *McCarthy* that "prejudice inheres in a failure to comply with Rule 11," necessitating reversal whenever it appeared on a direct appeal that the Rule had not been complied

with fully. *McCarthy*, 394 U.S. at 471, 89 S.Ct. at 1173; *see Jaramillo–Suarez*, 857 F.2d at 1370–71. The government invokes the harmless error amendment and points out that the charge in this case was a simple one—a single count of bank robbery—and that Smith must have understood it sufficiently to make a valid plea, even without an open-court explanation by the judge.

The problem with this argument is that, so far as the "open court" record discloses, Smith had no way of knowing whether the charge was simple or not, or what it was. The indictment was not read, and there is not a word in the transcript of the plea proceedings that identifies the crime charged, to say nothing of describing its nature.

The Advisory Committee on Rules observed that "the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited." Notes of Advisory Committee on Rules, on 1983 Amendment. Examples of harmless error offered by the Committee are instructive:

> where the judge's compliance with subdivision (c)(1) was not absolutely complete, in that some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element ...; [or] where ... the judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings.....

*Id.* The first example is highly informative in comparison to the present case. We are not dealing with the failure to explain an element of the crime, where the defendant's responses in open court showed knowledge of that element. We are dealing instead with a total failure to identify the crime, much less explain it, and Smith's responses indicated nothing at all about his possible knowledge of the charge.

The omission is fundamental; it is no accident that Rule 11(c) places first the requirement that the defendant be informed of the

nature of the charge. "The harmless error clause of Rule 11 permits us to uphold guilty pleas only when there has been 'a minor or technical violation of Rule 11.'" *United States v. Gastelum,* 16 F.3d 996, 999 (9th Cir.1994) (quoting *United States v. Graibe,* 946 F.2d 1428, 1433 (9th Cir.1991)). This error was hardly minor or technical. In the total absence of any reference at the plea hearing to the charge or its nature, we can assume nothing more than total ignorance of the charge on the part of Smith. Such ignorance defeats the essential purpose of Rule 11(c), to ensure "that the defendant be placed in a position where his plea will be intelligent and informed." *Gastelum,* 16 F.3d at 999–1000. With Smith's knowledge of a crucial matter so obscured, we cannot know whether he would have pleaded differently if he had been properly informed. "To avoid having to speculate and engage in retrograde mind reading was one reason for the adoption" of Rule 11(c). *Kennell,* 15 F.3d at 137 (referring to Rule 11(e)(2)). We therefore conclude that the error was not harmless.

Because Rule 11(c)(1) was violated and the error was not harmless, Smith must be allowed to replead. *See Jaramillo–Suarez,* 857 F.2d at 1372–73. We therefore vacate Smith's plea and conviction and remand the matter to the district court for entry of a new plea and further appropriate proceedings.[2]

**PLEA AND CONVICTION VACATED; REMANDED.**

---

2. We affirm the convictions of two of Smith's codefendants, whose appeals are consolidated with Smith's, in an unpublished memorandum disposition filed contemporaneously with this opinion.