87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold ESTES, Defendant-Appellant.
 No. 95-30347.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Estes appeals his conviction and sentence following his guilty plea to possessing methamphetamine and marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, distributing marijuana in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, and using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. Estes contends that his guilty plea was not knowing and intelligent because the district court violated Federal Rule of Criminal Procedure 11(c)(1) by failing to inform him that the government had to prove to a jury beyond a reasonable doubt that Estes used or carried semiautomatic assault weapons. Specifically, Estes contends that the district court treated the factors contained within the definition of "semiautomatic assault weapon" as sentencing factors rather than as an element of the offense for which he was charged. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Because Estes did not object below, we review for plain error. See United States v. Bruce, 976 F.2d 552, 554 (9th Cir.1992). Plain error is clear or obvious error affecting a defendant's substantial rights and the defendant bears the burden of showing that the alleged error prejudicially affected the outcome of the district court proceedings. United States v. Olano, 507 U.S. 725, 734-35 (1993). Before accepting a guilty plea a district court must address the defendant and determine that the defendant understands the nature of the charges against him, as well as the minimum and maximum possible penalties provided by law. See Fed.R.Crim.P. 11(c)(1); United States v. Smith, 60 F.3d 595, 597 (9th Cir.1995). To determine whether a district court has violated the dictates of Rule 11, the reviewing court must rely solely on the record of the plea proceeding. See id.
 
 
 4
 To obtain a conviction under 18 U.S.C. § 924(c)(1), the prosecution must prove: (1) the firearm was related to the underlying crime; and (2) the defendant used or carried the firearm. See United States v. Harper, 33 F.3d 1143, 1149 (9th Cir.1994), cert. denied, 115 S.Ct. 917 (1995). In addition to stating the necessary elements for conviction, the statute also provides for mandatory minimum sentences based on the type of weapon used or carried during the underlying offense. See 18 U.S.C. § 924(c)(1) (1994); United States v. Martinez, 7 F.3d 146, 146, 148 (9th Cir.1993).
 
 
 5
 Here, the record of the plea proceeding indicates that the district court did not violate Rule 11(c)(1). The court informed Estes of the essential elements of the offenses for which he was charged, and of the mandatory minimum and the maximum penalties provided by law. See Fed.R.Crim.P. 11(c)(1); Smith, 60 F.3d at 597. Moreover, as the clear language of the statute indicates, the character of the weapons involved in the offense is not a fact the prosecution must prove beyond a reasonable doubt in order to obtain a conviction, but instead is only a sentencing factor, and the district court therefore did not err by failing to inform Estes otherwise. See 18 U.S.C. § 924(c)(1); Harper, 33 F.3d at 1149; Martinez, 7 F.3d at 146, 148. Based on the record of the plea proceeding, Estes has not shown that the district court violated Rule 11 by failing to inform him that the government had to prove beyond a reasonable doubt that he used or carried semiautomatic weapons. See Olano, 507 U.S. at 734-35; Smith, 60 F.3d at 597.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3