91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe VASQUEZ-NAVARRO, Defendant-Appellant.
 No. 95-55258.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Felipe Vasquez-Navarro appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and 121-month sentence for conspiracy to manufacture and distribute methamphetamine. Vasquez-Navarro contends that the district court erred because: (1) his guilty plea was not knowing and voluntary because there was an insufficient factual basis for the charge, and he did not understand the nature of the charge; and (2) his trial counsel was ineffective because he failed to seek a downward departure for extraordinary family responsibilities and miscalculated Vasquez-Navarro's sentence.[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and affirm in part and vacate and remand in part.[2]
 
 I. Guilty Plea
 A. Factual Basis
 
 3
 Vasquez-Navarro contends that there was insufficient factual evidence to support the conspiracy charge. We disagree.
 
 
 4
 Federal Rule of Criminal Procedure 11(f) requires that there be sufficient evidence on the record to establish all elements of the offense charged. United States v. Alber, 56 F.3d 1106, 1110 (9th Cir.1995). "To establish a factual basis for the plea, the court may consider all of the evidence before it at the time of judgment." Id. However, the district court need not be convinced that the defendant is guilty beyond a reasonable doubt. Id.
 
 
 5
 Vasquez-Navarro admitted the facts presented at the change of plea hearing. Trial counsel and the government stated that Vasquez-Navarro was present on December 20, 1990, when Andrew Cuellar, a co-defendant, discussed the possible delivery of a precursor chemical with an undercover informant. Vasquez-Navarro discussed delivery of freon with the informant on January 19, 1991. Vasquez-Navarro received $7500 for one pound of methamphetamine, on January 31, 1991. Finally, Vasquez-Navarro directed the informant to accompany Cuellar to deliver one pound of methamphetamine.
 
 
 6
 When asked if the facts presented were true in all respects, Vasquez-Navarro said yes. Thus, there was sufficient factual evidence to support the conclusion that Vasquez-Navarro was guilty of conspiracy. See id.; Fed.R.Crim.P. 11(f).
 
 B. Voluntariness
 
 7
 Vasquez-Navarro contends that the district court violated Federal Rule of Criminal Procedure 11(c) by not informing him of the elements of conspiracy in open court to ensure that he understood the nature of the charge. Vasquez-Navarro claims that his guilty plea was not knowing and voluntary because he did not understand the meaning of conspiracy, since Spanish was his primary language and he needed an interpreter.
 
 
 8
 To successfully challenge a guilty plea based on a Rule 11 violation under § 2255, Vasquez-Navarro must show that the violation amounted to a jurisdictional or constitutional error, resulted in a complete miscarriage of justice, or a proceeding inconsistent with the demands of fair process. See United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). Additionally, Vasquez-Navarro must show prejudice by establishing that he was "unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." See id.
 
 
 9
 A guilty plea is not truly voluntary if the defendant does not understand the law in relation to the facts, and the court fails to inform him of all the elements of the formal charge. United States v. Smith, 60 F.3d 595, 597 (9th Cir.1995). "An admission to the facts does not speak to the nature of the charge." Id. Although it is often presumed that defense counsel "routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit," Henderson v. Morgan, 426 U.S. 637, 647 (1976), counsel must inform the defendant in open court, so the record will reflect what was said to the defendant, see Smith, 60 F.3d at 598. "[V]ague references to discussion of 'the charges' and 'the nature of the charges' does not provide a complete record showing compliance with Rule 11(c)." Smith, 60 F.3d at 598.
 
 
 10
 A district court must grant an evidentiary hearing in order to determine the validity of a § 2255 motion, "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1994); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994).
 
 
 11
 Here, the government had to prove that Vasquez-Navarro: (1) entered into an agreement to manufacture and distribute methamphetamine, and (2) had the requisite intent necessary to commit the underlying offense. See 21 U.S.C. § 841(a)(1) (1981). If Vasquez-Navarro was unaware of these elements, he did not receive adequate notice of the offense to which he pled guilty, his plea was involuntary, and the judgment of conviction was entered without due process of law. See Henderson, 441 U.S. at 647.
 
 
 12
 During the Rule 11 colloquy, the district court informed Vasquez-Navarro that he was being charged with conspiracy to manufacture and distribute methamphetamine, but failed to explain the elements of conspiracy. Similarly, Vasquez-Navarro and his attorney stated that they had discussed the charges, facts of the case, and plea agreement. Neither the court nor defense counsel, however, explained the nature of the crime in open court. See Smith, 60 F.3d at 597-98. Thus, even though Vasquez-Navarro was informed of, and admitted the facts underlying the plea, the transcript of the plea hearing does not reflect that he understood the law in relation to the facts. See id.
 
 
 13
 Without an evidentiary hearing, we cannot determine if Vasquez-Navarro's plea was voluntary and intelligent, or whether he would have pled differently had he been properly informed, because it is unclear from the record whether Vasquez-Navarro's attorney explained the elements of conspiracy to him. See Blaylock, 20 F.3d at 1465; Smith, 60 F.3d at 600. Accordingly, we remand this matter to the district court with instructions to conduct an evidentiary hearing on the issue of whether Vasquez-Navarro's counsel advised him of the elements of the charge against him, in open court. See Henderson, 426 U.S. at 647; Smith, 60 F.3d at 598.
 
 II. Ineffective Assistance of Counsel
 
 14
 To obtain relief for a claim of ineffective assistance a defendant must show that counsel's actions were deficient and that he was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant must show that "there is a reasonable probability that, absent counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If the defendant makes an insufficient showing of prejudice, it is unnecessary for the court to address the reasonableness prong. See Hill v. Lockhart, 474 U.S. 52, 60 (1985). Ineffectiveness is determined according to the totality of the circumstances. Strickland, 466 U.S. at 690.
 
 A. Downward Departure
 
 15
 Vasquez-Navarro contends that his trial counsel was ineffective because he did not request a downward departure for extraordinary family responsibilities. Vasquez-Navarro contends that trial counsel should have argued the plight of Vasquez-Navarro's disabled child, Angelica, as a mitigating factor to obtain a downward departure. We disagree.
 
 
 16
 Family ties and responsibilities are usually irrelevant in determining whether to depart below the guideline range. See U.S.S.G. § 5H1.6, p.s. Moreover, we have rejected departures in cases where the defendant's family responsibilities are not extraordinary, and incarceration would simply disrupt the family relationship. See United States v. Miller, 991 F.2d 552, 553 (9th Cir.1993).
 
 
 17
 Vasquez-Navarro cannot show that but for counsel's failure to argue extraordinary family responsibility, there was a reasonable probability that the district court would have departed downward. See Strickland, 466 U.S. at 694. Because he cannot show prejudice, Vasquez-Navarro's ineffective assistance claim fails. See Hill, 474 U.S. at 50.
 
 B. Miscalculation of Sentence
 
 18
 Vasquez-Navarro contends that he was induced into signing the plea agreement because his attorney told him that his sentence would be within the range of 70 to 80 months and that Vasquez-Navarro was unaware of the ten-year mandatory minimum sentence for conspiracy. We disagree.
 
 
 19
 A district court must advise a defendant of the mandatory minimum penalty provided by law, if any, and the maximum possible penalty. Fed.R.Crim.P. 11(c)(1). An erroneous prediction by the defendant's attorney regarding his possible sentence does not amount to ineffective assistance of counsel. See United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990); United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871 (1989).
 
 
 20
 Here, Vasquez-Navarro signed a plea agreement, which explicitly stated that there was a ten-year mandatory minimum sentence. Moreover, the district court informed Vasquez-Navarro of the ten-year mandatory minimum sentence and the maximum possible sentences available for the crime charged and Vasquez-Navarro acknowledged that he understood the penalties. Additionally, the court advised him that: (1) the sentencing guidelines would govern; (2) the guideline sentence could not be determined until the presentence report was prepared; (3) the judge may have authority to enter a more or less severe sentence than suggested by the guidelines; and (4) he was still bound by his plea, even if the sentence was more severe than he expected.
 
 
 21
 Given the colloquy between Vasquez-Navarro and the court, Vasquez-Navarro entered a guilty plea with the understanding that the court was not bound by any sentencing agreement. See Keller, 902 F.2d at 1394. Because Vasquez-Navarro was fully aware of his possible sentence, he cannot show that he was prejudiced by counsel's alleged miscalculation. See Strickland, 466 U.S. at 687; Turner, 881 F.2d at 687.
 
 
 22
 AFFIRMED IN PART, VACATED and REMANDED IN PART. The parties shall bear their own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vasquez-Navarro also claims ineffective assistance of counsel on two sentencing claims set forth in his table of contents. However, he did not raise the claims in the district court, and does not present any argument in his opening brief. Therefore, we will not address these issues on appeal. See United States v. Conkins, 9 F.3d 1377, 1382 (9th Cir.1993)
 
 
 [2]
 Because we remand for an evidentiary hearing instead of granting relief, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal