105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Anthony EDWARDS, Defendant-Appellant.
 No. 96-30042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1997.
Decided Jan. 9, 1997.
 
 BEFORE: CANBY and TASHIMA, Circuit Judges, and SILVER,* District Judge.
 MEMORANDUM**
 Defendant/Appellant Troy Edwards appeals the district court's denial of Edwards' motion to withdraw his guilty plea. Edwards contends that he is entitled to withdraw his plea because the district judge erred under Fed.R.Crim.P. 11(c)(1) by failing at the plea hearing to inform Edwards of the statutory minimum sentence that Edwards would receive or of the nature of the charges that Edwards faced.[1] We agree and remand to the district court so that Edwards may plead anew.
 We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). We review de novo the adequacy of a Rule 11 plea hearing. Id. at 1109. We must limit our review of a Rule 11 plea proceeding to the proceeding's transcript. United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir.), cert. denied, 479 U.S. 819 (1986).
 We need not set forth the facts because the parties are familiar with them.
 ANALYSIS
 Rule 11(c)(1)
 : Statutory Minimum Sentence
 Rule 11(c)(1) required the district judge, before accepting Edwards' guilty plea, to inform Edwards of the statutory "mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." See Fed.R.Crim.P. 11(c)(1); United States v. Maree, 934 F.2d 196, 200 (9th Cir.1991).
 The plea transcript in this case shows that the district judge failed to inform Edwards of the statutory minimum sentence that Edwards would face by pleading guilty. The district judge referred to only the "maximum" sentence that Edwards could receive. The district judge asked the prosecutor to state the "maximum" sentence, and the prosecutor proceeded to state the statutory minimum sentence. Under these circumstances, Edwards easily could have believed that he faced a maximum, not minimum, sentence of twenty years to life.
 The plea agreement's recitation of Edward's statutory minimum sentence cannot cure this defect in the plea colloquy. See United States v. Kennell, 15 F.3d 134, 137-38 (9th Cir.1994). Moreover, the error is not harmless; the plea transcript does not reflect that Edwards had actual knowledge of the minimum sentence. See United States v. Padilla, 23 F.3d 1220, 1222-23 (9th Cir.1994).
 Rule 11(c)(1)
 : Nature Of The Charges
 Rule 11(c)(1) required the district judge, before accepting Edwards' guilty plea, to inform Edwards of the nature of the charge that he faced. See Fed.R.Crim.P. 11(c)(1).
 The plea proceeding transcript in this case shows that the district judge never informed Edwards of the nature of the charge. The transcript shows merely that Edwards and his attorney had at some time discussed the charge. But Edwards' discussion of the charge with his lawyer does not satisfy Rule 11(c)(1)'s requirement. See United States v. Smith, 60 F.3d 595, 598 (9th Cir.1995). Likewise, the plea agreement's listing of the charge does not satisfy Rule 11(c)(1). See id. at 598-99. Moreover, this error is not harmless; the record does not indicate that Edwards had actual knowledge of the nature of the charge. See id. at 599-600.
 We therefore vacate Edwards' plea and conviction and remand the matter to the district court so that Edwards may enter a new plea.
 PLEA AND CONVICTION VACATED; REMANDED.
 
 
 
 *
 The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Edwards also contends that the district judge erred under Rule 11(e)(2) by failing to inform Edwards that he could not withdraw his plea if the district judge did not accept the government's recommended sentence. Because we reverse and remand on other grounds, we need not reach this issue