106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginaldo HUERTA, Defendant-Appellant.
 No. 95-30033.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1997.
Decided Jan. 22, 1997.
 
 Before: CANBY and TASHIMA, Circuit Judges, and SILVER,* District Judge.
 MEMORANDUM**
 I.
 Reginaldo Huerta pleaded guilty to one count of conspiring to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and was sentenced to 60 months imprisonment. Huerta now appeals his plea and sentence on the ground that the district court's plea colloquy failed to satisfy the requirements of Fed.R.Crim.P. 11(c)(1).[1] We vacate Huerta's plea and sentence and remand to the district court for a new plea proceeding.
 II.
 Because the parties are familiar with the facts of this case, we repeat them only as necessary here.
 III.
 Huerta contends that the district court's plea colloquy failed to satisfy the requirements of Fed.R.Crim.P. 11(c)(1). That question is a matter of law which we review de novo.[2] United States v. Bruce, 976 F.2d 552, 559 (9th Cir.1992).
 Rule 11(c)(1) provides that, prior to accepting a plea of guilty, "the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered." Fed.R.Crim.P. 11(c)(1). At sentencing, the district court said only the following with regard to the "nature of the charge"--conspiracy to distribute cocaine and marijuana--to which Huerta was pleading guilty:
 Now looking at the superseding indictment, and I want it to be in front of you, Count 1, that charges you with conspiracy to distribute cocaine and/or marijuana. That carries a potential life sentence and/or a $400,000 fine. If you enter a plea of guilty to that charge you are advising the court that you are guilty of each and every material allegation set forth in that indictment that is relevant to your conduct--to the charge against you. So would you be entering the plea to that charge because you are in fact guilty as charged in Count 1?
 The district court's statement to Huerta failed to satisfy the requirements of Rule 11(c)(1). This case is factually indistinguishable from United States v. Bruce, 976 F.2d 552 (9th Cir.1992), in which we vacated the defendant's plea and sentence and remanded for a new plea proceeding because the district court simply "informed Bruce that the superseding information charged him with 'conspiracy to manufacture methamphetamine,' asked him if that was correct, and Bruce responded affirmatively." See id. at 559. Such a "brief, vague explanation" of the charge, we held, did not satisfy Rule 11(c)(1)'s requirement that the defendant understand "the nature of the charge to which the plea is offered." Id.
 The district court did the same here. Instead of explaining "the nature and elements of the crime to which he was pleading guilty," id. at 560, the district court simply informed Huerta that the Superseding Indictment charged him with conspiracy to distribute cocaine and marijuana, asked Huerta if that was correct, and Huerta responded affirmatively. The district court's plea colloquy, therefore, did not satisfy the requirements of Rule 11(c)(1).
 The government attempts to distinguish Bruce by arguing that in this case, unlike in Bruce, "the record shows that the district court went to great efforts to make sure the Superseding Indictment was before Huerta at the time he plead [sic] guilty, that a sufficient factual basis was stated, that Huerta had spent sufficient time discussing the elements with his counsel, and that Huerta was pleading to each element." None of those facts, however, induces us to reach a different conclusion from the one we reached in Bruce. First, it is irrelevant that Huerta had the Superseding Indictment in front of him during the plea colloquy: as noted above, informing a defendant of the charge to which he is pleading guilty is not the same as explaining to him the nature of that charge. Moreover, as the government must be aware, Huerta does not read English, the language in which the Indictment was printed.
 Second, the fact that the district court asked the government to state for the record the factual basis for the conspiracy charge does not satisfy Rule 11(c)(1). As we said in United States v. Smith, 60 F.3d 595 (9th Cir.1995):
 While these recitations may satisfy other requirements of Rule 11(c), they do not convey to Smith the nature of the charges against him. Unquestionably he was informed of, and admitted, the facts underlying his plea. But an admission of the facts does not speak to the nature of the charge. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."
 Id. at 597 (emphasis in original) (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)).
 Third, it is irrelevant whether Huerta had spent sufficient time discussing the elements of conspiracy with his counsel, because "[i]n judging compliance with Rule 11, we are confined to the record of the plea proceeding." Id.
 Fourth, and finally, the fact that Huerta was pleading to each element of conspiracy is of no consequence, because those elements were not explained to Huerta during the plea colloquy.
 IV.
 Having concluded that the district court's plea colloquy failed to satisfy the requirements of Rule 11(c)(1), we also conclude that the error was not harmless. "The harmless error clause of Rule 11 permits us to uphold guilty pleas only when there has been 'a minor or technical violation of Rule 11.' " United States v. Gastelum, 16 F.3d 996, 999 (9th Cir.1994) (quoting United States v. Graibe, 946 F.2d 1428, 1433 (9th Cir.1991), cert. denied, 510 U.S. 840 (1993)). Here the violation was neither minor nor technical. Because the district court did not explain to Huerta what elements the government would have to prove at trial to convict him of conspiring to distribute cocaine and marijuana, "we cannot know whether he would have pleaded differently if he had been properly informed." See Smith, 60 F.3d at 600. " 'To avoid having to speculate and engage in retrograde mind reading was one reason for the adoption' of Rule 11(c)." Id. (quoting United States v. Kennell, 15 F.3d 134, 137 (9th Cir.1994)). We thus conclude that the error was not harmless.
 V.
 Huerta also contends that the district court's calculation of the drug quantities that he conspired to distribute was not supported by a sufficient factual basis, in violation of Fed.R.Crim.P. 11(f). Rule 11(f) provides that, "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as shall satisfy itself that there is a factual basis for the plea."
 Huerta's argument is meritless. The quantity of drugs a defendant conspired to distribute is not an element of a violation of 21 U.S.C. §§ 841(a), 846. See United States v. Castaneda, 9 F.3d 761, 769 (9th Cir.1993). The district court, therefore, was not required to establish the quantity of cocaine and marijuana Huerta conspired to distribute as part of the factual basis of the plea under Rule 11(f).
 VI.
 Huerta's plea and sentence are VACATED and the matter is REMANDED to the district court for a new plea proceeding.
 CONVICTION AND SENTENCE VACATED; REMANDED.
 
 
 
 *
 The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Huerta also argues that the district court did not sufficiently advise him of the five-year minimum sentence mandated by 21 U.S.C. § 841(b)(1)(B). Because we vacate Huerta's sentence on the ground that the district court's plea colloquy failed to satisfy the requirements of Fed.R.Crim.P. 11(c), we do not need to reach that argument. We are confident that in new plea proceedings the district court will carry out the requirement of Rule 11(c)(1) that Huerta be advised of the mandatory minimum
 
 
 [2]
 We note that Huerta did not move to withdraw his plea after the district court sentenced him to the five years mandated by 21 U.S.C. § 841. The government, however, does not urge us to review Huerta's claim that the district court violated Rule 11 for plain error, so we apply harmless-error analysis instead. See United States v. Smith, 60 F.3d 595, 599-600 (9th Cir.1995)