116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso LUNA, Jr., Defendant-Appellant.
 No. 96-50218.
 United States Court of Appeals, Ninth Circuit.
 June 17, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-95-00616-SVW-1; Stephen V. Wilson, District Judge, Presiding.
 Before: BROWNING and SCHROEDER, Circuit Judges, and RESTANI,* United States Court of International Trade Judge.
 MEMORANDUM**
 Alfonso Luna appeals his conviction by conditional guilty plea and his sentence of seventy-eight months for bank robbery in violation of 18 U.S.C. § 2113(a). Luna contends that: (1) the ten-month pre-indictment delay violated his Fifth Amendment due process rights by preventing Luna from obtaining concurrent sentences; (2) the district court erred by sentencing him at the high end of the guideline range because the government agreed not to seek more than a mid-range sentence; and (3) the district court erred by failing to advise him that he could not withdraw his guilty plea if the district court did not adhere to the recommended sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, vacate, and remand.
 I.
 We review for abuse of discretion the district court's denial of a motion to dismiss for pre-indictment delay. See United States v. Sherlock, 962 F.2d 1349, 1354 (9th Cir.1992). In order to show that pre-indictment delay violates due process, the defendant must demonstrate that he suffered actual prejudice. See United States v. Bracy, 67 F.3d 1421, 1427 (9th Cir.1995).
 The possibility of obtaining concurrent sentences is too speculative to establish actual prejudice. See United States v. Hoslett, 998 F.2d 648, 659 (9th Cir.1993); United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986). Because Luna cannot show actual prejudice, the district court did not abuse its discretion by denying his motion to dismiss for pre-indictment delay. See Sherlock, 962 F.2d at 1354.
 II.
 Where the district court sentences the defendant within the correct guideline range, appellate review is unavailable. See United States v. Kohl, 972 F.2d 294, 299 (9th Cir.1992).
 Here, Luna concedes that the guideline range of sixty-three to seventy-eight months was correct. None of the criteria for appellate jurisdiction specified in 18 U.S.C. § 3742 are applicable here. See 18 U.S.C. § 3742(a). Accordingly, this court lacks jurisdiction to review the district court's imposition of Luna's sentence at the top of the guideline range. See Kohl, 972 F.2d at 299.
 III.
 Whether the district court failed to properly advise the defendant of plea agreement procedures pursuant to Fed.R.Crim.P. 11 is reviewed de novo. See United States v. Smith, 60 F.3d 595, 597 n. 1 (9th Cir.1995).
 The plea agreement in this case was a "Type (B)" agreement, which permits the government to "make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court." Fed.R.Crim.P. 11(e)(1)(B). The court must "advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." Fed.R.Crim.P. 11(e)(2). The district court's failure to so advise the defendant constitutes reversible error. See United States v. Kennell, 15 F.3d 134, 137 (9th Cir.1994).
 Here, the district court did not accept the recommended sentence and failed to advise Luna within the meaning of Fed.R.Crim.P. 11(e)(2). The government concedes that the district court's omission constitutes reversible error and agrees that the judgment must be vacated and the cause remanded to permit Luna to withdraw his guilty plea, or for proceedings to enter a new sentence in accordance with the plea agreement. Accordingly, the district court erred by failing to advise Luna and the judgment should be vacated and the matter remanded to the district court. See Smith, 60 F.3d at 597 n. 1.
 CONCLUSION
 The district court's denial of the motion to dismiss for pre-indictment delay is affirmed. We vacate the conviction and remand to permit Luna to withdraw his guilty plea, or for proceedings to enter a new sentence in accordance with the plea agreement.
 AFFIRMED IN PART, REVERSED IN PART, VACATED, AND REMANDED.
 
 
 
 *
 The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3