129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adan Zermeno DOMINGUEZ, Defendant-Appellant.
 No. 95-56134.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California Howard B. Turrentine, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Adan Zermeno Dominguez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction and 151-month sentence imposed for conspiracy to import cocaine in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Dominguez contends that the district court violated Fed.R.Crim.P. 11(c)(1) by not informing him of the nature of his crime and determining whether he understood. Contrary to the government's argument, Dominguez need not show cause and prejudice for his failure to raise this argument on direct appeal. See English v. United States, 42 F.3d 473, 481 (9th Cir.1994) (holding that section 2255 claims are waived for failure to raise them on direct appeal only if (1) a specific procedural rule required the defendant to raise the issues on direct appeal or (2) the failure to raise the issues was a deliberate bypass of direct review). The government points to no specific procedural rule pursuant to which Dominguez waived the issue, nor has the government asserted that Dominguez deliberately bypassed direct review. See id.
 
 
 4
 "For a section 2255 movant to successfully challenge a guilty plea based upon a violation of Rule 11, he must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). A section 2255 movant must also establish that he was prejudiced by being unaware of the consequences of his plea, and, if properly advised would not have pled guilty. See id.; see also United States v. Timmreck, 441 U.S. 780, 784 (1979). Before accepting a guilty plea a district court must address the defendant and inform him of the nature of the charges against him and determine that the defendant understands the nature of the charges. See Fed.R.Crim.P. 11(c)(1); United States v. Smith, 60 F.3d 595, 597 (9th Cir.1995).
 
 
 5
 Here, the district court informed Dominguez that he was charged with being "in a conspiracy or partnership with other people to import cocaine into the United States" and then advised Dominguez of the maximum sentence he could receive. When asked whether he understood, Dominguez responded in the affirmative. For the factual basis, the following colloquy occurred:
 
 
 6
 THE COURT: Now back in June of 1990, were you involved with someone else in the importation of about 400 kilograms of cocaine into the United States by air, by way of you driving a van?
 
 
 7
 THE DEFENDANT: Yes.
 
 
 8
 THE COURT: And you knew it was cocaine?
 
 
 9
 THE DEFENDANT: Yes.
 
 
 10
 THE COURT: Very well. The Court finds the plea to be free and voluntary and has a factual basis.
 
 
 11
 Although the district court's Rule 11 colloquy was limited, the court adequately informed Dominguez of the nature of the charges and ensured that he understood. Thus, the district court did not violate Rule 11. Cf. Smith, 60 F.3d at 579.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motion to file a late reply brief is denied