**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Nemias CRUZ–BURGOS, a.k.a. Gabriel Espinoza Castillo, and Nemias Burgos, Defendant–Appellant.**

**No. 99–50227.**
**D.C. No. CR–98–01290–WMB.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 21, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM[2]

Nemias Cruz–Burgos appeals his conviction following a guilty plea to illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. Cruz–Burgos contends that his plea should be set aside because the district court failed to inform him in open court of the nature of the charges, as required by FED. R.CRIM. P. 11(c)(1). We agree. Accordingly, we vacate Cruz–Burgos' plea and conviction and remand to the district court to allow him to plead anew.

We review de novo whether the district court's Rule 11 plea colloquy with the defendant satisfies the requirements of Rule 11(c)(1) and whether the Rule 11

hearing was otherwise adequate. *United States v. Alber,* 56 F.3d 1106, 1109 (9th Cir.1995). The determination of whether a plea was voluntary is also reviewed de novo. *United States v. Roberts,* 5 F.3d 365, 368 (9th Cir.1993).

Upon review of the record of the plea proceedings, we conclude that the district court failed to explain the nature of the charges for which Cruz–Burgos was indicted, rendering the plea colloquy deficient. *See United States v. Portillo–Cano,* 192 F.3d 1246, 1250–51 (9th Cir.1999); *see also United States v. Smith,* 60 F.3d 595, 597 (9th Cir.1995) (stating factual recitations and a defendant's admissions thereto do not satisfy the requirements of Rule 11(c)).

Because the defendant's right to be informed of the charges against him is at the core of Rule 11, which exists to guarantee that pleas are knowing and voluntary, this error was not harmless. *United States v. Longoria,* 113 F.3d 975, 977 (9th Cir.1997). As such, the district court's failure to explain the nature of the charges to Cruz–Burgos requires vacation of the guilty plea. *Smith,* 60 F.3d at 597. The plea and conviction are vacated and we remand for further proceedings consistent with this decision.

VACATED and REMANDED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.