**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Balbir SINGH, aka Manjit Singh, Defendant–Appellant.**

No. 98–10380.

D.C. No. CR–98–99–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 29, 2001.

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Balbir Singh appeals his conviction and resulting 18–month sentence for bank fraud, in violation of 18 U.S.C. § 1344. Singh contends that the district court erred at the change of plea hearing by failing to inform him that he had the continued right to the assistance of counsel, in violation of Federal Rule of Criminal Procedure 11(c)(1), and by failing to inform him that he may be ordered to pay restitution. Singh contends that his guilt plea and restitution order must therefore be vacated.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The government argues that the appeal is moot and that Singh did not authorize the present arguments on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, vacate the judgment of conviction and sentence, and remand.

The government argues that Singh cannot show any collateral consequences from his conviction. It is undisputed that Singh has served his sentence and is not presently subject to any supervised release provisions, because he has been deported to India. Singh's appeal is not moot, however, because he is challenging both his sentence and his conviction, and we presume that collateral consequences attend most criminal convictions. *See United States v. Verdin,* 243 F.3d 1174, 1177 (9th Cir.2001) The presumption is justified because it is unlikely, based on his conviction, that Singh will be able to reenter this country legally in the future. *See* 8 U.S.C. § 1182(a)(9)(A)(i), (ii) (removed aliens previously convicted of aggravated felony are inadmissible); 8 U.S.C. § 1101(a)(43)(M)(i) (fraud offense in which loss is greater than $10,000 is aggravated felony). Additionally, the government concedes that Singh would be subject to supervised release if he reenters the United States. Accordingly, the appeal is not moot. *See id.* at 1177–78.

The government also argues that Singh did not authorize his counsel to challenge his guilty plea on appeal because counsel has not had any contact with Singh since November 1998, well before we ordered counsel to brief the issues now presented. The government has presented no evidence to suggest that Singh did not authorize the filing of the notice of appeal from the conviction and sentence in this case. Although it is true that the defendant-appellant has the ultimate authority to decide whether to appeal, it is counsel, not the client, who has the authority and responsibility over the conduct of the appeal, including which arguments to present. *See New York v. Hill,* 528 U.S. 110, 114–15, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000); *United States v. Kaczynski,* 239 F.3d 1108, 1118 (9th Cir.2001). Because the government presents no evidence that Singh did not consent or authorize a challenge to his conviction on appeal, we presume that counsel's arguments are binding on Singh. *See Hill,* 528 U.S. at 115.

The district court at the change of plea hearing failed to inform Singh that he had the continued right to the assistance of counsel at trial. *See* Fed.R.Crim.P. 11(c)(3). The government nevertheless argues that Singh was informed of the right in his plea agreement, signed the agreement the day that he pleaded guilty, and informed the court that he read and understood the plea agreement during the plea colloquy. We have previously held that " 'courtroom recitals that the defendant has read the agreement simply do not take the place of the judge's telling the defendant' the requisite Rule 11(c) information." *United States v. Smith,* 60 F.3d 595, 599 (9th Cir.1995) (quoting *United States v. Kennell,* 15 F.3d 134, 137(9th Cir.1994)). We therefore reject the government's argument.

Finally, the government argues that the district court's error was harmless because the court informed Singh of his constitutional right to confrontation at trial. The court's statements do not provide the unequivocal evidence necessary to determine that Singh was aware of his continuing right to counsel at trial. *See United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* — U.S. —, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001). Accordingly, we vacate Singh's plea and conviction and remand for further proceedings. *See Smith,* 60 F.3d at 600.

Given our disposition of this appeal, we need not decide whether the restitution order was erroneous.

VACATED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.