UNITED STATES of America, Plaintiff–Appellee,

v.

Juan Ramon MATTA–LOPEZ, aka El Negro, aka Juan Ramon Matta–Ballesteros, aka Blacky, Defendant–Appellant.

Nos. 99–50707, 00–50031.
D.C. No. CR–85–00606–PAR.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

In No. 99–50707, federal prisoner Juan Ramon Matta–Lopez appeals pro se the district court's denial of his motion for a new trial after his conviction for conducting a continuing criminal enterprise. In No. 00–50031, Matta–Lopez appeals pro se the district court's denial of his motion to extend time within which to file his notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, consolidate the appeals, and affirm in part and dismiss in part.

Matta–Lopez contends the district court abused its discretion in denying his motion to extend the time within which to file his notice of appeal. We review a district court's determination concerning excusable neglect for failing to file a timely notice of appeal for an abuse of discretion. *See United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 212 (9th Cir.1990). "Because of the special importance of providing criminal defendants an opportunity to appeal, ... we will review more searchingly a district court's finding of no excusable neglect in a criminal appeal." *Id.* at 213.

Relying upon *United States v. Smith*, 60 F.3d 595, 596 (9th Cir.1995), Matta–Lopez argues his attorney's inability to communicate with him to determine whether to file a notice of appeal constitutes excusable neglect. Matta–Lopez's reliance upon *Smith* is misplaced. Unlike *Smith*, the district court here found insufficient facts to constitute excusable neglect. *Cf. id.* The two declarations submitted to the district court by Matta–Lopez's counsel described in conclusory terms the difficulty in communicating with Matta–Lopez. The declarant failed to describe with factual specificity any actual acts taken by counsel in attempting to contact Matta–Lopez. We conclude the district court did not abuse its discretion in finding no excusable neglect. *See Prairie Pharmacy*, 921 F.2d at 212–13.

Because we conclude the district court did not abuse its discretion, we lack jurisdiction to consider the merits of Matta–Lopez's untimely appeal.[1] *See United States v. Eccles*, 850 F.2d 1357, 1363 (9th Cir.1988).

AFFIRMED in part; and DISMISSED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Matta–Lopez has moved in this court for leave to amend his appeal to include the claim that his counsel's failure to timely file his Rule 33 motion constitutes ineffective assistance. We deny his motion. *See United States v. Houtchens*, 926 F.2d 824, 828 (9th Cir.1991).