**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10404 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00091-MTL-1 |
| v. | |
| CLIVE MILTON WILSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted December 9, 2021
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY

Clive Wilson pleaded guilty to illegally reentering the United States as a

previously removed alien, in violation of 8 U.S.C. § 1326(a), (b)(1). At sentencing,

Wilson and the government submitted a sentence bargain plea agreement, stipulating

to a maximum sentence of twelve months. The district court rejected that agreement,

and sentenced Wilson to fifteen months in prison and three years of supervised

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

release. Wilson now appeals and argues, *inter alia*, that the district court did not give sufficient reasons for rejecting his plea agreement. We have jurisdiction under 28 U.S.C. § 1291, and we vacate Wilson's conviction and sentence and remand for further proceedings.

Wilson argues that under *In re Morgan*, 506 F.3d 705 (9th Cir. 2007), the district court erred in rejecting his plea agreement. In *Morgan*, we explained that Federal Rule of Criminal Procedure 11 "clearly vests district courts with the discretion to accept or reject plea agreements, including those that contain a stipulated sentence term." *Id.* at 709 (citing Fed. R. Crim. P. 11(c)(3)(A)). But "the broad discretion granted by Rule 11 is not unbounded." *Id.* at 710. In particular, courts may not engage in "the categorical rejection of a sentence bargain independent of any consideration of the specific circumstances giving rise to the bargain." *Id.* at 712; *see also id.* (explaining that the "categorical rejection of sentence bargain plea agreements is error"). Instead, "district courts must consider individually every sentence bargain presented to them and must set forth, on the record, the court's reasons in light of the specific circumstances of the case for rejecting the bargain." *Id.*

Based on our review of the sentencing transcript, some of the district court's statements could be construed as rejecting Wilson's plea agreement at least in part because Wilson and the government stipulated to a below-Guidelines sentence. For

2

example, the district court in rejecting the plea agreement stated that "the plea agreement should have encompassed the sentencing range for this offense level and criminal history category," and that the parties agreeing in a plea agreement "to deviate downward or vary downward from what Mr. Wilson would be expected to get based on this," including based on his glaucoma, was not "a reason why you should tie my hand as the judge." To the extent the district court imposed a categorical rule rejecting plea agreements in those circumstances, that would have been error under *Morgan*, as the government acknowledged at oral argument.

The government argues that the better interpretation of the district court's rejection of the plea agreement is that the court reasoned, in light of Wilson's particular crime and the circumstances relating to his glaucoma, that the stipulated sentence was too lenient and not in the public interest. Although the court may have intended to express that sentiment at sentencing, on this record it is not clear whether the court rejected the plea agreement for reasons unrelated to Wilson's specific circumstances.[1] *See Morgan*, 506 F.3d at 712. For that reason, we vacate Wilson's conviction and sentence and remand for further proceedings consistent with this decision. *See United States v. Smith*, 60 F.3d 595, 600 (9th Cir. 1995) (explaining

---

[1] Our fine dissenting colleague is thus incorrect in stating "the district court gave more than sufficient reason for this court to defer to its ruling." Neither the sentencing transcript considered as a whole nor a faithful application of *Morgan* readily permits that conclusion.

that errors under Federal Rule of Criminal Procedure 11 require vacatur of a conviction unless the error was minor or technical).[2]

**VACATED and REMANDED.**

---

[2] Because we vacate Wilson's conviction and remand for further proceedings, we do not reach the issue of whether the district court properly imposed a term of supervised release. *See* U.S.S.G. § 5D1.1(c) & cmt. n.5; *Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012). The district court may consider supervised release as part of any resentencing.

*United States v. Wilson*, No. 19-10404
Bumatay, J., dissenting:

It is a well-established precedent of our court that "we assume the district judge knew the law." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018). In this case, we ignore that assumption and vacate a conviction. And we do so for no good reason.

Under Federal Rule of Criminal Procedure 11, district courts enjoy "broad discretion" to accept or reject plea agreements. *In re Morgan*, 506 F.3d 705, 710 (9th Cir. 2007). As with most matters of discretion, that authority is "not unbounded." *Id*. We have said that district courts may not adopt "categorical rules to reject sentence bargains." *Id*. at 711. So a district court may not reject a plea agreement as being "unwise as a matter of policy." *Id*. at 708. Nor may a court reject a plea "in a vacuum, detached from the particular facts and circumstances of the case before it." *Id*. at 711. But so long as the district court provides "individualized reasons for rejecting the agreement, based on the specific facts and circumstances presented," this court will show considerable deference to its decision. *Id*.

In this case, the district court gave more than sufficient reason for this court to defer to its ruling. First, the probation office strenuously objected to the stipulated plea agreement, noting that the instant offense was Wilson's fourth immigration conviction and that the stipulated sentence would not appropriately

1

deter him from further criminal activity. The district court expressly overruled objections to the presentence report's conclusion.

Second, the district court later articulated that it was rejecting the stipulated plea because it "would have been more appropriate for the parties to file a joint request for a variance or a deviation or to ask for a lower sentenc[e]" based on Wilson's "glaucoma situation," which the court noted was "tragic." The district court also expressed sympathy for Wilson's medical condition but believed that his medical situation alone was not sufficient reason to "tie my hands as the judge." Instead, the district court reasoned that such mitigating factors "should be presented at a [sentencing] hearing[,] . . . and that's why I ultimately rejected the agreement." In other words, the district court rejected the plea agreement because it didn't find Wilson's medical situation warranted the stipulated plea. This is precisely the type of judgment call we rely on district courts to make.

Nowhere did the district court hold that it was rejecting the plea agreement because "Wilson and the government stipulated to a below-Guidelines sentence," as the majority contends. Indeed, the district court's reasoning for rejecting the plea agreement is a far cry from *In re Morgan*, where we held the district court abused its discretion because it summarily rejected the stipulated plea as "unreasonable as a matter of law, not necessarily unreasonable as a matter of fact."

2

*Id*. at 708.  Given the specific facts cited by the district court, its decision to the reject the plea agreement was entitled to deference by this court.

For these reasons, I respectfully dissent.