**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Abelardo Elenes GASTELUM,
Defendant–Appellant.**

**No. 92–10492.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 10, 1993.

Decided Feb. 9, 1994.

John P. Balazs, Federal Public Defender's Office, Fresno, California, for the defendant-appellant.

Kathleen A. Servatius, Assistant United States Attorney, Fresno, California, for the plaintiff-appellee.

* The Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. Gastelum had initially pleaded guilty to the two counts, but then asked to withdraw his plea after he learned that he would remain in the custody

Before: REINHARDT and LEAVY, Circuit Judges, and MERHIGE,* Senior District Judge.

REINHARDT, Circuit Judge:

## I. INTRODUCTION

On May 13, 1992, Abelardo Elenes Gastelum pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute (21 U.S.C. § 846), and one count of possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)). Although Fed.R.Crim. Pro. 11(c)(3) requires a district court to inform a defendant of certain constitutional rights *"before* accepting a plea of guilty," the court below did not inform Gastelum of those rights until *after* it had already accepted his guilty plea. The court tried to correct its mistake by subsequently informing Gastelum of his rights. However, the court never gave Gastelum the opportunity to withdraw his guilty plea and to plead anew.

We conclude the district court violated Rule 11(c)(3) by failing to inform Gastelum of his rights until *after* it had already accepted his guilty plea. We also conclude that the district court's error was not harmless under Rule 11(h). Accordingly, we are required to VACATE Gastelum's conviction and plea and to REMAND in order to afford him an opportunity to enter a new plea.

## II. FACTS

On May 13, 1992, Abelardo Elenes Gastelum pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute (21 U.S.C. § 846), and one count of possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)).[1] The district court accepted Gastelum's guilty pleas, but it did so without informing him of the constitutional rights that he would be waiving. The gov-

of the state for several weeks until his sentencing hearing. The district court granted Gastelum's request because his original plea was not knowing and intelligent. Gastelum returned a few weeks later, however, and again pleaded guilty.

ernment reminded the court that it had not yet done so, and the court acknowledged its error:

THE GOV'T: Your Honor, before we do that, it would seem that there are certain constitutional rights that weren't discussed. The right to confront witnesses, et cetera.

THE COURT: That is right.

The court attempted to correct the mistake. It then instructed Gastelum on his constitutional rights and asked him whether he understood them.[2] He answered "yes." However, the court never gave him the opportunity to withdraw his guilty plea and to plead anew. On appeal, Gastelum contends that the district court violated Fed.R.Crim. Pro. 11(c)(3) by failing to instruct him on his constitutional rights until *after* it had accepted his guilty plea.

## III. ANALYSIS

### A. The District Court Violated Rule 11(c)(3).

■ Gastelum argues that the district court violated Fed.R.Crim.Pro. 11(c)(3) because the court did not inform him of certain constitutional rights until *after* it had accepted his guilty plea. Under Rule 11(c)(3), the district court is required to inform the defendant of certain constitutional rights "*before* accepting a plea of guilty." The rule provides in relevant part:

(c) Advice to Defendant. *Before* accepting a plea of guilty ..., the court *must* address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

. . . .

(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination.

Fed.R.Crim.Pro. 11(c)(3) (emphasis added).[3]

As noted above, the record shows that the court below did not inform Gastelum of *any* constitutional rights before it accepted his plea of guilty. *See* text *supra* at p. 1582. Nor did the court give Gastelum the opportunity to withdraw his guilty plea and to plead anew after he had been informed of his rights. Accordingly, the court violated Rule 11(c)(3), which expressly requires that a district inform a defendant of his constitutional rights "*before* accepting a plea of guilty." *Id.* (emphasis added).

■ The government contends that Gastelum's prior Rule 11 hearing was sufficient to satisfy the timing requirements of Rule 11(c)(3). We reject this argument. Gastelum's original plea had been withdrawn by the district court. *See United States v. Gastelum,* No. CR–F–91–188–OWW (E.D.Ca. Feb. 3, 1992) (granting Gastelum's motion to withdraw). The earlier Rule 11 proceeding tells us nothing about whether the district court complied with Rule 11(c)(3) in the present proceeding, and it is the present proceeding we must look to exclusively in order to resolve the claims of noncompliance with Rule 11. *See, e.g., United States v. Jaramillo–Suarez,* 857 F.2d 1368, 1372–73 (9th Cir.1988) ("[T]he dictates of Rule 11 and the federal policy of fair and efficient judicial administration require that the reviewing court look *solely* to the record of the plea proceeding." (emphasis added)); *see also*

---

**2.** These rights included Gastelum's right to a public and speedy trial, to the selection of an unbiased jury, to his privilege against self-incrimination, to the government's burden of proof, to cross-examine government witnesses, to challenge the government's evidence, to introduce his own evidence, to call and subpoena his own witnesses, and to receive a unanimous verdict. The district court asked Gastelum whether he agreed to waive these rights. Although Gastelum expressly agreed to waive some of them, the record does not contain any waiver for others.

**3.** Rule 11(c)(3) codified *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in which the Supreme Court held that a federal court may not infer from a silent record that the defendant had knowingly and intelligently waived certain of his constitutional rights. *Id.* at 243, 89 S.Ct. at 1712. The *Boykin* Court emphasized three rights: the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. *Id.*

*United States v. Kamer,* 781 F.2d 1380, 1383 (9th Cir.) ("[C]laims of noncompliance with [R]ule 11 must be resolved *solely* on the basis of the [R]ule 11 transcript. The transcript provides all that is needed and all that is allowed for the resolution of such claims." (emphasis added and internal quotes omitted)), *cert. denied,* 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986). This requirement ensures that a defendant is fully aware of his rights *when his plea is entered*—that he is aware of them *at the time they are being waived.* Earlier or later knowledge is insufficient to provide that assurance. Accordingly, the government's argument fails.[4]

*B. The Error Was Not Harmless.*

■ The government argues that even if the district court erred in applying Rule 11(c)(3), the error was harmless under Fed. R.Crim.Pro. 11(h). Rule 11(h) provides:

> (h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

The government contends that the district court's error did not affect the defendant's "substantial rights" because the court subsequently informed the defendant of his constitutional rights. We disagree.

■ The harmless error clause of Rule 11 permits us to uphold guilty pleas only when there has been "a minor or technical violation of Rule 11." *United States v. Graibe,* 946 F.2d 1428, 1433 (9th Cir.1991). For example, in *United States v. Rubalcaba,* 811 F.2d 491 (9th Cir.), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987), we held that

an instruction telling the defendant he was waiving his right to a "trial" instead of a "jury trial" was harmless. *See id.* at 493.

As the advisory committee to Rule 11(h) has noted, "the kinds of Rule 11 violation which might be found to constitute harmless error upon direct appeal are *fairly limited.*" Fed.R.Crim.Pro. 11(h), Notes of Advisory Committee to the 1983 Amendment (emphasis added).[5] We must reverse guilty pleas whenever the district court's violation of Rule 11 affects a defendant's "substantial rights." Put differently, we must reverse if the violation would "nullify or dilute important Rule 11 safeguards." *See, e.g., Jaramillo–Suarez,* 857 F.2d at 1371.

We hold that the district court's failure to follow the timing requirements of Rule 11(c)(3) nullified a critical Rule 11 safeguard. The district court's error goes to the very heart of what Rule 11(c)(3) was intended to prevent—an *unintelligent or uninformed waiver* of important constitutional rights. That waiver occurs at the moment the defendant pleads guilty. *See Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969). We have previously explained that "Rule 11 is designed to ensure that the defendant is aware of his fundamental rights *before* he pleads guilty, not that he will become aware of those rights some time *after* the plea." *See Graibe,* 946 F.2d at 1434 (emphasis added). To put our explanation even more precisely: the rule is designed to ensure that the defendant is aware of those rights *at the time* he pleads guilty.

■ In any event, the essential requirement of Rule 11(c)(3)—that the defendant be

---

4. The government also argues that Gastelum had "stipulated" that any "holes" in the Rule 11 proceeding could be "filled" by reference to the prior proceeding. We reject this argument. Upon reviewing the record, we conclude that Gastelum never agreed to waive any Rule 11 procedures. He simply wanted to preserve—for the use of his *probation officer*—certain findings of fact that were made during the prior proceeding about his remorsefulness. Had Gastelum actually "stipulated" to filling in the holes with the prior proceeding, the government would not have reminded the district court that it had failed to instruct Gastelum of his rights during the present proceedings.

5. By way of example, the advisory committee offered three illustrations of harmless error in the Rule 11 context. First, "where the judge's compliance with subdivision (c)(1) was not absolutely complete, in that some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element." Second, "where the judge's compliance with subdivision (c)(2) was erroneous in part in that the judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings." Third, "where the judge completely failed to comply with subdivision (c)(5), which of course has no bearing on the validity of the plea itself." *Id.*

placed in a position where his plea will be intelligent and informed—was simply not met. The district court's *post hoc* attempt to instruct Gastelum of his constitutional rights did not cure the violation—Gastelum had *already* entered his guilty plea. Thus, the violation was neither minor nor technical. Rather than attempting to correct it retroactively, the court should have given Gastelum the opportunity to withdraw his plea and to plead anew.[6]

*C. Summary.*

In sum, the district court's failure to follow Rule 11(c)(3) affected Gastelum's "substantial rights." The district court's error deprived him of a significant protection afforded by that rule: specifically, an explanation by the court of his constitutional rights *before* he entered the plea that served to waive them. Thus, the error cannot be harmless under Rule 11(h). We are required to vacate Gastelum's plea and to give him an opportunity to enter a new one. *See McCarthy v. United States,* 394 U.S. 459, 468–72, 89 S.Ct. 1166, 1172–74, 22 L.Ed.2d 418 (1969).[7]

## IV. CONCLUSION

We conclude that the district court violated Rule 11(c)(3) by failing to instruct Gastelum of his rights until *after* he had already pleaded guilty. Because that error affected his substantial rights, it was not harmless under Rule 11(h). Accordingly, we are required to VACATE Gastelum's conviction and plea and to REMAND so that the district court may afford him the opportunity to enter a new plea.

VACATED and REMANDED.

LEAVY, Circuit Judge, dissenting:

I dissent. The court placed the defendant under oath and inquired of him about his age, education, mental condition, use of

drugs, satisfaction with the service of his attorney, explained to him the maximum penalties, asked about promises or inducements of any kind, and reviewed the factual basis for his plea. The defendant pleaded guilty to each count. The record then shows:

THE COURT: All right. It is the finding of the Court in the case of United States versus Gastelum that the defendant is fully competent and capable of entering an informed plea, that his plea of guilty to each count is a knowing and voluntary plea supported by an independent basis in fact. It contained each of the essential elements of the offense. Your plea is, therefore, accepted, and you are now judged guilty of the offense.

. . . .

MS. SERVATIUS [Assistant United States Attorney]: Your Honor, before we do that, it would seem that there are certain constitutional rights that weren't discussed. The right to confront witnesses, et cetera.

THE COURT: That is right.

BY THE COURT:

Q. Let me go back, Mr. Gastelum, and review with you some constitutional and statutory rights that you have and will be giving up in the entering of these pleas, and I want to be sure that you understand them.

You have a right to a public and speedy trial, which means that 12 people from the community will be brought here, that you and your attorney will have the ability to participate in the selection of those persons to assure their lack of bias. In that process of selecting the jury, those jurors, once they are selected, will be told that you have a privilege against self-incrimination, which means you don't have to say anything at the trial, you don't have to take the witness stand, that that cannot be held against you. The jury will be instructed that you never

---

**6.** The government argues that the burden was on the defendant to "withdraw his plea," to "indicate that he had changed his mind," or to "demonstrate that his plea was not knowing and voluntary." We disagree. The plain language of Rule 11 places the burden on the *court* to determine that the defendant's plea is knowing and voluntary before it accepts a guilty plea. *See,*

*e.g.,* Fed.R.Crim.Pro. 11(c) ("Before accepting a plea of guilty ..., *the court* must ... determine that the defendant understands, the following [rights]....").

**7.** Because we vacate Gastelum's plea on this ground, we need not reach his other claims.

have the duty to prove anything, and that the government is always under the burden to prove beyond a reasonable doubt that you are guilty. By entering a plea of guilty, as you have done now, you are giving up those rights and additional rights that I'm going to explain to you. Do you understand those rights?

A [defendant]. Yes.

Q. And you are willing to give those rights I have just explained?

THE REPORTER: I'm sorry. I didn't hear the answer.

(Mr. Pedowitz and his client conferred off the record with the aid of the interpreter.)

BY THE COURT:

Q. All right. At the trial, the government is required to call witnesses, produce evidence against you which you could challenge by cross-examining those witnesses through your attorney. You would also be able to bring any evidence forward that you had. You call witnesses. If those witnesses wouldn't come voluntarily, the Court would subpoena those witnesses for you. You are also giving up those rights, Mr. Gastelum.

Finally, with respect to the conduct of the trial, as I have told you, the jury would have to agree unanimously before you can be found guilty. That means all 12 persons have to agree on your guilt, or, for that matter, your innocence, before there can be a verdict, and you will be, by having entered these pleas of guilty, giving up those additional rights. Do you understand that?

A. Yes.

Q. And are you willing to waive those rights?

A. Yes, I am willing.

THE COURT: All right. At this time, then, I think all that remains is for the defendant to surrender. Let's have him surrender this afternoon.

MR. PEDOWITZ [defendant's attorney]: Fine. He's prepared to surrender now if the Court would like.

ER 11–15.

Rule 11(c) does not require that the defendant be informed of his rights before he enters a guilty plea but, instead, requires that the court inform the defendant of his rights before it accepts the plea. Even though the court said "[y]our plea is ... accepted" before it advised him of his rights, the record demonstrates that when the court concluded by saying, "All right. At this time, then, I think all that remains is for the defendant to surrender," it accepted the pleas.

If there was any variance from the procedures required by Rule 11, it did not affect substantial rights and, in the words of Rule 11(c), should be disregarded. I would affirm the judgment.