29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcelius Edward STRICKLAND, Defendant-Appellant.
 No. 93-30349.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcelius Edward Strickland appeals his conviction and sentence of 151 months imposed following his plea of guilty to distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). Strickland contends the district court erred, first, by denying his motion to withdraw his plea and, second, by refusing to depart downward on the ground that the government's charging policies are racially discriminatory. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 We review de novo the voluntariness of a guilty plea. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1994). Rule 11 requires a district court to advise a defendant in open court before accepting his plea that he has rights to the assistance of counsel and to confront and cross-examine adverse witnesses. Fed.R.Crim.P. 11(c)(3); United States v. Gastelum, 16 F.3d 996, 998 (9th Cir.1994). "[T]he reading of the plea agreement is no substitute for rigid observance of Rule 11." United States v. Kennell, 15 F.3d 134, 136 (9th Cir.1994). Because the defendant must be made aware of the rights he is waiving when he enters his plea, we resolve claims of non compliance with Rule 11 solely on the basis of the plea hearing transcript. United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir.), cert. denied, 479 U.S. 819 (1986).
 
 
 4
 Here, the district court accepted Strickland's guilty plea without informing him that he had rights to assistance of counsel and to confront and cross-examine adverse witnesses. The government urges us to hold these errors harmless because Strickland's plea petition spelled out the rights he was waiving. Our decision in Kennell forecloses this argument. The district court's omissions warrant reversal because they affected Strickland's substantial rights.[1] See United States v. Graibe, 946 F.2d 1428, 1435 (9th Cir.1991), cert. denied, 114 S.Ct. 124 (1993).
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we vacate Strickland's plea on this ground, we need not reach his other claims