36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Owen ZARUCCHI, Defendant-Appellant.
 No. 93-10220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Owen Zarucchi appeals his conviction and sentence following entry of a guilty plea to mailing threats against the President of the United States in violation of 18 U.S.C. Sec. 871. Zarucchi argues that the district court conducted an inadequate Rule 11 proceeding, erroneously refused to continue the sentencing hearing, and failed to make adequate findings regarding alleged factual inaccuracies in the presentence report. We have jurisdiction under 28 U.S.C. Sec. 1291 and reverse.
 
 
 3
 Zarucchi contends that the district court failed to comply with the requirements of Fed.R.Crim.P. 11. The government concedes the issue and we agree.
 
 
 4
 We review de novo the district court's compliance with Rule 11. United States v. Graibe, 946 F.2d 1428, 1431 (9th Cir.1991).
 
 
 5
 "The plain language of Rule 11 places the burden on the court to determine that the defendant's plea is knowing and voluntary before it accepts a guilty plea." United States v. Gastelum, 16 F.3d 996, 1000 n. 6 (9th Cir.1994). Before accepting a plea of guilty, the district court must address the defendant personally in open court and advise him of, and determine that he understands, the nature of the charges; the maximum possible penalty; and that he has the right to persist in his plea of not guilty, the right to be tried by a jury, the right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. Fed.R.Crim.P. 11(c); Gastelum, 16 F.3d at 998. "Where the court has failed to provide the defendant with the required information regarding an important right, the record must demonstrate that the defendant was aware of the necessary information at the time he entered his plea." Graibe, 946 F.2d at 1434. Absent actual awareness, it is insufficient that the written plea agreement recites the necessary information. United States v. Kennell, 15 F.3d 134, 136 (9th Cir.1994).
 
 
 6
 Rather than advising Zarucchi of the factual basis, the maximum possible penalty (including the effect of any supervised release term), and the constitutional rights he was relinquishing, the district court improperly relied on the fact that Zarucchi had read the written plea agreement which recited this information. See Fed.R.Crim.P. 11(c); Kennell, 15 F.3d at 136; United States v. Jaramillo-Suarez, 857 F.2d 1368, 1369, 1372 (reversible error for district court not to advise defendant, prior to accepting plea, of maximum sentence allowed). The court's cursory reference at the conclusion of the hearing to the factual basis and "the constitutional right to a trial" was uttered after the court had already accepted Zarucchi's guilty plea. See Gastelum, 16 F.3d at 998-1000 (court's post hoc attempt to instruct defendant of constitutional rights did not cure Rule 11 violation because defendant must be fully aware of his rights at the time they are waived). The district court also failed to determine if Zarucchi's plea was voluntary as required by Rule 11(d). See United States v. Kamer, 781 F.2d 1380, 1385 (9th Cir.) (reversal required when record devoid of inquiry on voluntariness of plea), cert. denied, 479 U.S. 819 (1986). Therefore, we reverse the conviction and remand so that the district court may conduct a change of plea hearing that complies with Rule 11.
 
 
 7
 Because we reverse the conviction, we do not address the sentencing issues. In light of the short sentence and the government's concession of error, the mandate shall issue forthwith. 9th Cir.R. 41(a).
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3