94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Dean DUST, Defendant-Appellant.
 No. 96-30080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1996.*
Decided Aug. 9, 1996.
 
 Before: WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Dean Dust appeals his conviction for abusive sexual contact with a child under the age of twelve, entered upon his plea of guilty. Dust contends that his plea should be set aside because the district court failed to inform him in open court of the nature of the charges, as required by Fed.R.Crim.P. 11(c)(1). We agree. Accordingly, we vacate Dust's plea and conviction and remand to the district court to allow him to plead anew.
 
 
 3
 * We review de novo whether the district court's colloquy with Dust satisfies the requirements of Rule 11(c)(1). United States v. Bruce, 976 F.2d 552, 559 (9th Cir.1992). In judging compliance, we are confined to reviewing the record of the plea proceeding. United States v. Smith, 60 F.3d 595 (9th Cir.1995). Rule 11(c)(1) requires the district court "[b]efore accepting a plea of guilty ... [to] address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... the nature of the charge to which the plea is offered...."
 
 II
 
 4
 Nowhere in the colloquy with Dust at the plea hearing did the district court explain the nature of the charges against Dust and determine that he understood those charges. The only direct reference to the charge against Dust by the district court judge was his statement that "[t]he count that you are pleading guilty to in the superseding information is set out in paragraph 6 on page 2 [of the plea agreement]. You've read that and you've gone through that with your attorney?" Such a reference to the plea agreement clearly does not meet the requirement that the district court, in open court, explain and make certain that the defendant understands the nature of the charges. See Id. at 599 (holding that courtroom recital that defendant read the plea agreement did not meet requirement that judge inform defendant of nature of charges).
 
 
 5
 The government argues that although the court's reference to the plea agreement was inadequate, Dust was nevertheless adequately informed of the nature of the charges by the prosecutor's explanation of the proof required at trial and the district court's subsequent question whether "[y]ou do admit, then, that you did touch and fondle a child of the age of 5?" The government is incorrect. The prosecutor's explanation of the facts supporting the charge and the district court's request that Dust admit those facts do not satisfy the requirement that the nature of the charges be conveyed. As we recently explained in Smith,
 
 
 6
 While these recitations may satisfy other requirements of Rule 11(c), they do not convey to [the defendant] the nature of the charges against him. Unquestionably he was informed of, and admitted the facts underlying his plea. But an admission of the facts does not speak to the nature of the charge. '[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.'
 
 
 7
 Id. at 597 (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)).
 
 
 8
 The government alternatively argues that even if Dust was not informed of the nature of the charges, the error was harmless. We rejected the identical argument in Smith. We explained that the total absence of any reference at the plea hearing to the nature of the charges is "hardly minor or technical" because without an explanation of the nature of the charges "we can assume nothing more than total ignorance of the charge on the part of [the defendant]." Id. at 600. "Such ignorance defeats the essential purpose of Rule 11(c), to ensure 'that the defendant be placed in a position where his plea will be intelligent and informed.' " Id. (quoting United States v. Gastelum, 16 F.3d 996, 999-1000 (9th Cir.1994)). Thus, the total failure to explain the nature of the charges cannot be harmless error.
 
 III
 
 9
 Because the district court failed to comply with Rule 11(c)(1) and the error was not harmless, Dust must be allowed to replead. See Smith, 60 F.3d at 600. We therefore vacate Dust's plea and conviction and remand to the district court to allow Dust to plead anew.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3