98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean Edward BOWEN, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 96-35486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Dean Edward Bowen appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. Bowen contends the district court abused its discretion when it dismissed his challenge to his 1982 guilty-plea conviction pursuant to Rule 9(a) of the rules governing section 2255 proceedings. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo a district court's decision on a section 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). Unless a petitioner shows that he has acted diligently, Rule 9(a) may bar a section 2255 motion if the delay in filing the motion has prejudiced the government's ability to respond to it. Rules Governing § 2255 Proceedings, 28 U.S.C. § 2255, Rule 9(a), 28 U.S.C. foll. § 2255; see also Telink, Inc. v. United States, 24 F.3d 42, 47 n. 7 (9th Cir.1994).
 
 
 4
 Here, thirteen years after his conviction for possessing marijuana, Bowen contends his guilty plea conviction should be overturned because the district court's failure to comply with Rule 11 renders his plea involuntary. Specifically, he alleges that the district court failed to inform him that if his probation was revoked he would be subject to a two-year special parole term.
 
 
 5
 The district court barred Bowen's section 2255 claims finding that his lengthy delay has prejudiced the government's ability to refute Bowen's allegations because the transcripts surrounding his 1982 guilty plea have since been routinely destroyed. See 28 U.S.C. § 753(b) (1993) (clerk of court shall preserve reporter's notes for not less than ten years); United States v. Gastelum, 16 F.3d 996, 999 (9th Cir.1994) (noting that claims of noncompliance with Rule 11 must be resolved solely on the basis of the Rule 11 transcript). The district court also found that Bowen had failed to show that he had acted diligently in raising his claim.
 
 
 6
 The record affirmatively shows that Bowen was aware of the special parole term shortly after it was added to his sentence in January of 1985. Because the record supports the district court's conclusion that the delay prejudiced the government and that Bowen failed to act diligently, the district court did not abuse its discretion when it denied Bowen's section 2255 motion. See Rule 9(a); Telink, 24 F.3d at 47-48.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Bowen now separately challenges the imposition of the parole term on the grounds that it was added after his sentencing when he was no longer represented by counsel, we deem the issue waived. Bowen failed to present such a claim to the district court. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993)