119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Delgado GUTIERREZ, Defendant-Appellant.
 No. 95-30325.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1997.**
Decided July 15, 1997.
 
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Manuel Delgado Gutierrez was charged with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). He filed a motion to dismiss the indictment but pleaded guilty before the district court ruled on it. He was sentenced to 135 months in prison followed by five years of supervised release.
 
 
 3
 On appeal, Gutierrez argues his conviction should be reversed because the indictment was insufficient. He also argues his guilty plea should be vacated because the district court violated Federal Rule of Criminal Procedure 11(c) by (i) failing to advise him that a conviction carried a mandatory ten-year minimum sentence, and (ii) failing to advise him of the nature of the charge against him. We agree the district court violated Rule 11(c), and therefore vacate Gutierrez's guilty plea and remand the case to the district court to allow him to plead anew. On remand, Gutierrez may renew his motion to dismiss the indictment; if he does, the district court will then have the opportunity to rule on that motion.
 
 
 4
 A. Failure to Advise of Mandatory Minimum Sentence
 
 
 5
 Rule 11(c)(1) provides that prior to accepting a plea, "the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law...." Fed.R.Crim.P. 11(c)(1) (emphasis added). The district court failed to advise Gutierrez at his plea colloquy that a conviction under 21 U.S.C. §§ 846 and 841(b)(1)(A) carried a mandatory ten-year minimum sentence. See 21 U.S.C. §§ 846 & 841(b)(1)(A)(viii).
 
 
 6
 This error affected Gutierrez's substantial rights and thus was not harmless. See Fed.R.Crim.P. 11(h); United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988). "[T]he kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited." Fed.R. Crim. P. 11(h), Notes of Advisory Committee on Rule 11(h), on the 1983 Amendment. See also United States v. Smith, 60 F.3d 595, 599 (1995). We must "uphold guilty pleas when there has been only a minor or technical violation of Rule 11." United States v. Graibe, 946 F.2d 1428, 1433 (9th Cir.1991). "[W]e must reverse if the violation would 'nullify or dilute important Rule 11 safeguards.' " United States v. Gastelum, 16 F.3d 996, 999 (9th Cir.1994) (citing United States v. Jaramillo-Suarez, 857 F.2d 1368, 1371 (9th Cir.1988)).
 
 
 7
 Failure to inform a defendant of a mandatory minimum sentence cannot be considered harmless if the record fails to indicate the defendant knew of the mandatory minimum sentence at the time of his plea. United States v. Goins, 51 F.3d 400, 403 (4th Cir.1995); United States v. Padilla, 23 F.3d 1220, 1222-23 (7th Cir.1994); United States v. Watch, 7 F.3d 422, 428-29 (5th Cir.1993); United States v. Hourihan, 936 F.2d 508, 510-11 (11th Cir.1991). "[I]gnorance about the necessity ... of serving many years in prison strikes us as an informational lack so serious that unless strong indications to the contrary are apparent from the record a court should presume it influenced a defendant's decision to plead guilty." Padilla, 23 F.3d at 1222.
 
 
 8
 There is no evidence in the record before us that Gutierrez was aware when he pleaded guilty that he was subjecting himself to a statutory, mandatory ten-year minimum sentence. There was no mention of the mandatory ten-year minimum sentence in the oral plea agreement (as explained at the plea colloquy) or in the indictment. Neither the judge, prosecutor, nor defense attorney mentioned the mandatory minimum at the plea proceeding. Nor is there any indication that Gutierrez knew that his sentence under the Sentencing Guidelines would exceed ten years.
 
 B. Nature of the Charge Against Him
 
 9
 The district court also failed to advise Gutierrez of the nature of the charge against him as required by Rule 11(c).
 
 Rule 11(c) provides:
 
 10
 Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered....
 
 
 11
 Fed.R.Crim.P. 11(c)(1). In determining whether the district court advised Gutierrez of the nature of the charge against him, we look solely to the record of the plea proceedings. United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir.1986). According to the record, the only reference to the charge against Gutierrez appears in the following dialogue:
 
 
 12
 THE COURT: You would be entering a plea of guilty to the charge pending against you because you are in fact guilty as charged?
 
 
 13
 INTERPRETER SYLVA: Yes.
 
 
 14
 THE COURT: You would be doing that voluntarily and of your own free will:
 
 
 15
 INTERPRETER SYLVA: Yes.
 
 
 16
 THE COURT: You understand when you plead guilty you are admitting each and every material allegation set forth in the indictment?
 
 
 17
 INTERPRETER SYLVA: Yes.
 
 
 18
 THE COURT: You are admitting those facts to be true?
 
 
 19
 INTERPRETER SYLVA: Yes.
 
 
 20
 THE COURT: Does the Government wish to place anything on the record as to what their evidence would show?
 
 
 21
 MR. HcHUGH: Your Honor, just briefly, our evidence would indicate an informant was working toward the purchase of five pounds of methamphetamine from an individual by the name of Patrick Oviedo, and during the negotiations Oviedo talked about his source of supply. On August 30, 1994, in Canyon County a meeting took place. At that meeting Mr. Gutierrez was with Mr. Oviedo. They met with Agent Hinton--I apologize, Your Honor, it was in Ada County, but the informant met with Agent Hinton. Mr. Gutierrez showed the methamphetamine to Agent Hinton and the informant before other law enforcement officers came in and made the arrest on the individuals. Mr. Gutierrez fled and officers chased him and physically placed him under arrest. Later, Mr. Oviedo provided a statement to law enforcement which indicated Mr. Gutierrez was, in fact, his source for what turned out to be approximately four pounds of methamphetamine.
 
 
 22
 THE COURT: Mr. Gutierrez and counsel, do you agree with the prosecutor's summary of what you did?
 
 
 23
 MR. ARKOOSH: Your Honor, from my review of the discovery provided by the Government in this case, it would be able to show those matters as set forth.
 
 
 24
 THE COURT: Do you agree Mr. Gutierrez?
 
 
 25
 INTERPRETER SYLVA: Yes.
 
 
 26
 THE COURT: Looking at that charge, the Court will ask you what your plea is?
 
 
 27
 INTERPRETER SYLVA: Guilty.
 
 
 28
 Transcript of Change of Plea Hearing of 1/13/95, at 9-11.
 
 
 29
 Neither this dialogue nor any other at the change of plea hearing shows that the court informed Gutierrez of, or determined that he understood, the nature of the charge against him.
 
 
 30
 The government argues this error was harmless because the prosecutor's recital of the factual basis for the plea communicated to Gutierrez the nature of the charge, and Gutierrez admitted to all of these facts. We rejected this same argument in United States v. Smith, 60 F.3d 595, 597 (9th Cir.1995). The defendant in Smith, like Gutierrez, admitted all of the facts recited by the prosecution as the factual basis for the plea. Id. We explained in Smith:
 
 
 31
 While these [factual] recitations may satisfy other requirements of Rule 11(c), they do not convey to [the defendant] the nature of the charges against him. Unquestionably he was informed of, and admitted, the facts underlying his plea. But an admission of the facts does not speak to the nature of the charge. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969).
 
 
 32
 Id. at 597.
 
 CONCLUSION
 
 33
 Rule 11(c) was violated by the failure of the district court to inform Gutierrez at his plea colloquy that the charge against him carried a mandatory ten-year minimum sentence, and by the failure to inform him of the nature of the charge. Both of these errors affected Gutierrez's substantial rights. We therefore vacate Gutierrez's guilty plea and remand the case to the district court to allow him to plead anew.
 
 
 34
 On remand, Gutierrez may renew his motion challenging the indictment. That motion requires the district court to decide whether the indictment is sufficient.
 
 
 35
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3