124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara A. McDONALD, Defendant-Appellant.
 No. 97-50083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-96-00808-JGD; John G. Davies, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barbara A. McDonald, a federal prisoner, appeals her conviction by nolo contendre plea for making a false declaration in a bankruptcy petition in violation of 18 U.S.C. § 152(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 McDonald contends that her plea of nolo contendre was obtained in violation of Fed.R.Crim.P. 11 because the district court failed to explain the nature of the charges to her as required by Rule 11(c)(1). This contention lacks merit.
 
 
 4
 We review de novo the district court's compliance with Rule 11. See United States v. Graibe, 946 F.2d 1428, 1431 (9th Cir.1991). Before accepting a guilty plea, the court must address the defendant personally in open court and inform her of "the nature of the charge to which the plea is offered." See Fed.R.Crim.P. 11(c)(1); United States v. Smith, 60 F.3d 595, 597 (9th Cir.1995). In addition, the court must engage in a colloquy with the defendant and elicit responses from her which demonstrate that the accused understands the nature of the charges. See United States v. Kamer, 781 F.2d 1380, 1385 (9th Cir.), cert. denied, 479 U.S. 819 (1986).
 
 
 5
 The record of the plea proceedings establishes that the district court fully complied with the requirements of Rule 11(c)(1). See United States v. Gastelum, 16 F.3d 996, 999 (9th Cir.1994) (claims of noncompliance with Rule 11 are resolved solely on the basis of Rule 11 transcript). In open court, the judge read from the information which set out the entire charge and the relevant facts. McDonald, a college graduate with some post-graduate education, acknowledged that her attorney had discussed the elements of the charges with her, that she understood the charges, and that she had no questions regarding the charges. When it appeared that McDonald was unwilling to concede the element of intent, the court refused to accept her guilty plea. After conferring with her attorney, McDonald entered a plea of nolo contendre on the grounds that she was denying intent but wanted to plead anyway because she felt that if she went to trial the jury would not believe that denial. The totality of these circumstances indicate that the court adequately set forth the meaning of the charges and that McDonald understood those charges. See United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991); compare United States v. Smith, 60 F.3d at 600 (vacating guilty plea and conviction based on district court's total failure to identify crime during Rule 11 colloquy).
 
 
 6
 McDonald's contention that the district court improperly participated in plea negotiations in violation of Rule 11(e)(1), also lacks merit. The district court did not participate in any negotiations between the government and McDonald. Rather, the court asked the government if the prior agreement would remain in effect if McDonald chose to enter a nolo contendre plea instead of a guilty plea. The government responded in the negative and no alternative agreement was negotiated. Accordingly, we conclude that there was no Rule 11(e)(1) violation. See United States v. Frank, 36 F.3d 898, 903 (9th Cir.1994) (pointing out that purpose of Rule 11(e) is to "keep the judge from shaping the plea bargain or persuading the defendant to accept particular terms").
 
 
 7
 Finally, McDonald contends that her plea was involuntary because it was the result of her need to be available to support her two children and by the court's comments that she would likely be convicted at trial. This contention lacks merit.
 
 
 8
 We review de novo whether a plea was entered voluntarily. See Sharp, 941 F.2d at 815. "A plea which is coerced or induced by illicit promises is involuntary and void." See United States v. Zweber, 913 F.2d 705, 711 (9th Cir.1990); see also Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986).
 
 
 9
 Here, McDonald told the court repeatedly that she was entering her plea freely and voluntarily; that no one had threatened, coerced, or forced her to plead nolo contendre. She also added the following:
 
 
 10
 I'm free from all external coercion and pressure ... I'm not--it's not the criminal case that I feel internal pressure about. It's my children being in Las Vegas and me being here and having to take the time.
 
 
 11
 This "internal pressure" did not render her plea involuntary. See Zweber, 913 F.2d at 711.
 
 
 12
 Nor did the judge's comments about the likelihood of conviction render her plea involuntary. The court's remarks were made after McDonald indicated she wanted to plead nolo contendre and were part of the court's analysis under Rule 11(b) as to whether to accept the plea. See Fed.R.Crim.P. 11(b). Accordingly, the comments were not geared towards inducing McDonald to enter her plea of nolo contendre. See Frank, 36 F.3d at 902.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3