UNITED STATES of America,
Plaintiff—Appellee,

v.

Mahmoud GHORBANIAN,
Defendant—Appellant.

No. 00–50347.

D.C. No. CR–99–01245–GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2001.

Decided April 12, 2001.

1. The Honorable John M. Duhé Jr., Senior Circuit Judge for the Fifth Circuit, sitting by designation.

Before HUG, DUHÉ,[1] and TALLMAN, Circuit Judges.

## MEMORANDUM [2]

Mahmoud Ghorbanian ("Ghorbanian") appeals his conviction and sentence, following a guilty plea, of one count of possession of opium with the intent to distribute under 21 U.S.C. § 841(a)(1). Ghorbanian asserts that the district court erred under Federal Rule of Criminal Procedure 11(f) when it failed to read into the record at the plea proceeding the portion of his plea agreement that summarized the facts underlying the charge.

■ Federal Rule of Criminal Procedure 11 governs the procedures the court must follow when accepting a defendant's plea. We review the district court's compliance with Rule 11 *de novo*. *United States v. Aguilar–Muniz*, 156 F.3d 974, 976 (9th Cir.1998). However, we may not grant relief for any error under Rule 11 which is harmless. Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.").

■ A defendant who pleads guilty waives certain constitutional rights. Therefore, if the plea is not both knowing and voluntary, its entry amounts to a denial of due process and the plea is void. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). The knowing and voluntary standard requires that the defendant understand the nature of the charge, as well as "the law in relation to the facts." *Id.;* Fed.R.Crim.P. 11(c). Accordingly, Rule 11(f) provides: "Notwithstanding the acceptance of a plea of guilty, the court

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." As we stated in *United States v. $31,697.59 Cash*, 665 F.2d 903, 905 (9th Cir.1982), "[f]or Rule 11(f), the record must establish that the judge is satisfied that there is a factual basis for the plea. This requirement is a part of the voluntariness determination required for the taking of a guilty plea." (citations omitted).

At Ghorbanian's plea proceeding, the court conducted the following inquiry:

THE COURT: Mr. Ghorbanian, you are charged in Count II of the indictment as follows:

On or about the November 27, 1999, in Los Angeles County within the Central District of California, Defendant Mahmoud Ghorbanian knowingly and intentionally possessed with the intent to distribute, approximately 15.8 kilograms of a mixture or substance containing a detectable amount of opium, a Schedule 1 controlled substance.

\*   \*   \*   \*   \*   \*

THE COURT: Did you do the things that are charged against you in Count II of the indictment?

THE DEFENDANT: Yes, Your Honor.

\*   \*   \*   \*   \*   \*

THE COURT: There is a factual basis as part of the plea agreement, which is set forth on page 2, paragraph 6 of your plea agreement. It purports to set forth the factual basis for which you are now entering your guilty plea to Count II of this indictment.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you personally read this factual basis appearing at paragraph 6, page 2, of the plea agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you agree with it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you do the things in which—this factual thing in violation of Count II of the Title II of the Indictment?

THE DEFENDANT: Yes, Your Honor.

■ During this colloquy, Ghorbanian admitted that he knowingly possessed opium with the intent to distribute it. He also stated that he had personally read the portion of the plea agreement setting forth additional facts and confirmed that he did the things it described. Ghorbanian also confirmed, when presented with the agreement, that his own signature was on the signature page, indicating that the agreement was before the court. We therefore hold that the district court fully complied with the requirements of Rule 11(f), because it clearly conducted a sufficient inquiry into the factual basis for the charge. No more was required.

■ However, even if the court committed error, such error was harmless. We have stated that Rule 11's harmless error clause permits us "to uphold guilty pleas only when there has been 'a minor or technical violation of Rule 11.'" *United States v. Gastelum*, 16 F.3d 996, 999 (9th Cir.1994).

At the start of the plea proceeding, Ghorbanian acknowledged that he read and understood the entire plea agreement and declined to have it read in full in open court; he also confirmed that he committed the acts charged in the indictment; and he confirmed that he read and understood the factual basis set forth in the plea agreement and committed the acts it described. Given these circumstances, we hold that if the district court's failure to read the factual summary contained in the plea agreement was error, it was merely a

minor or technical violation. Therefore, any error was harmless, and Ghorbanian's plea was knowing and voluntary.

AFFIRMED.