UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis Fernando FLORES, Defendant–
Appellant.

No. 99–50369.

D.C. No. CR–98–00755–RMT.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 19, 2001.

Before KOZINSKI, T.G. NELSON and
TALLMAN, Circuit Judges.

MEMORANDUM **

Luis Fernando Flores appeals his guilty plea conviction and 46–month sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate and remand for further proceedings.

Flores contends that his guilty plea and conviction should be vacated because the district court violated Federal Rule of Criminal Procedure 11(c)(1) by failing to properly advise him of the maximum applicable penalties, the effects of supervised release and the applicability of the Sentencing Guidelines. The government concedes that the district court did not follow the Rule, but argues that the errors were harmless.

We review de novo whether the district court complied with the requirements of Rule 11 when accepting a defendant's guilty plea. *United States v. King,* 246 F.3d 1166, 1173–74 (9th Cir.2001).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

"Any errors in a Rule 11 hearing are reversible unless shown to be harmless." *Id.*

Here, Flores was not correctly advised of: (1) his maximum potential penalty; (2) how his sentence would be calculated; and (3) what continuing liabilities he would face after his term of imprisonment ended. Such errors were not "minor or technical violation[s] of Rule 11," *United States v. Graibe,* 946 F.2d 1428, 1433 (9th Cir.1991), and thus Flores' guilty plea and conviction must be vacated and the case remanded so that he may enter a new plea. *See United States v. Gastelum,* 16 F.3d 996, 999 (9th Cir.1994) ("[W]e must reverse if the violation would nullify or dilute important Rule 11 safeguards.") (internal quotations omitted).

VACATED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the