UNITED STATES of America, Plaintiff—Appellee,

v.

Luis Ernesto BONILLA, Defendant—Appellant.

No. 01–50065.

D.C. No. CR–00–00499–RMT–01.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 25, 2001.

Before HUG, PREGERSON and WARDLAW, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Luis Ernesto Bonilla appeals his conviction and 57–month sentence imposed following his guilty plea to illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo the adequacy of a Rule 11 plea hearing. *United States v. Seesing,* 234 F.3d 456, 459 (9th Cir.2000).

Bonilla contends that the district court violated Fed.R.Crim.P. 11(c)(3) by not advising him of his right to trial counsel prior to accepting his plea of guilty, by failing to obtain a waiver of the right to trial counsel, and by failing to offer him the opportunity to withdraw his plea later in the hearing after advising him of that right. We agree that there was error.

In this instance, the district court did not obtain an adequate waiver of the right to trial counsel and did not allow Bonilla the opportunity to withdraw his guilty plea. Accordingly, Rule 11(c) was violated and we remand to allow Bonilla the opportunity to enter a new plea. *See United States v. Gastelum,* 16 F.3d 996, 998, 1000 (9th Cir.1994).

Lastly, as Bonilla concedes, his contention that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) limits his sentence to two years is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.), *cert. de-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*nied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

REVERSED and REMANDED.[1]

1. Appellee's motion to expand the record is denied as moot.