**UNITED STATES of America, Plaintiff—Appellee**

v.

**Anna Maria MENDOZA, Defendant— Appellant**

No. 00–50322.
D.C. No. CR–98–00875–DT–02.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Oct. 11, 2001.

---

Before B. FLETCHER, T.G. NELSON and BERZON, Circuit Judges.

### MEMORANDUM *

Defendant Anna Maria Mendoza appeals her conviction and sentence for engaging in a conspiracy to distribute methamphet-amine. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

Mendoza argues that this court should vacate her conviction because the district court failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Alleged Rule 11 violations are reviewed de novo. *See United States v. King,* 257 F.3d 1013, 1021 (9th Cir.2001).

■ 1. The government does not dispute Mendoza's contention that Judge Keller violated Rule 11(e)'s prohibition against judicial involvement in plea negotiations when he quoted the Bible. We agree that Judge Keller's actions present a clear Rule 11(e) violation. Judge Keller exhorted Mendoza to settle, behavior which by itself can violate Rule 11(e). *See United States v. Anderson,* 993 F.2d 1435 (9th Cir.1993); *United States v. Garfield,* 987 F.2d 1424 (9th Cir.1993); *United States v. Bruce,* 976 F.2d 552 (9th Cir.1992). Exacerbating matters is the particular way in which Judge Keller encouraged the defendant to settle—by quoting the Bible to the effect that if Mendoza did not settle "the judge ... will hand you over to the guard ... who will throw you into prison.... so sayeth Matthew."

■ 2. Judge Keller's Rule 11 violation tainted the Rule 11 plea colloquy he conducted with Mendoza when he accepted her guilty plea two days later. Although the plea colloquy met the technical requirements of Rule 11, it failed to conform with Rule 11 because it was tainted by the prior conduct of a judge who had already stepped over its bounds.

The possibility of taint becomes clear when the interwoven purposes of the vari-

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ous Rule 11 requirements are considered. The detailed requirements outlined by Rules 11(c) and (d) for conducting plea colloquies are designed to ensure that the defendant has entered into the plea agreement knowingly and voluntarily. *See, e.g., United States v. Portillo–Cano,* 192 F.3d 1246, 1250 (9th Cir.1999). Rule 11(e) is designed to prevent damage to three components of the judicial system: a defendant's ability to act according to her free will, the integrity of the judicial process, and a judge's impartiality. *Bruce,* 976 F.2d at 556–58. When a judge violates Rule 11(e), the violations can erode the assurances of a knowing and voluntary plea that a properly conducted plea colloquy under Rules 11(c) and (d) are supposed to provide.

More specifically, when a judge, in violation of Rule 11(e), becomes involved in the plea negotiation, he may no longer be perceived as a neutral arbiter, and the defendant may believe that she would not be able to receive a fair trial before that judge. *Id.* at 556. As a result, the defendant may feel constrained to accept the government's plea offer and to conceal her dissatisfaction with it during the Rule 11 plea colloquy. And the judge's involvement in the plea negotiations could then undermine a key purpose of the Rule 11 plea colloquy—to give the judge the opportunity objectively to assess whether a defendant voluntarily entered into a plea agreement.

We conclude that, in light of the previous Rule 11(e) violation, the plea colloquy Judge Keller conducted did not provide the necessary assurances that Mendoza's plea colloquy was knowing and voluntary.

■ 3. The more difficult question is whether the remedial actions of District Judge Taylor, who presided over the case after the district court recused Judge Keller, obviated the need for the court to conduct an untainted plea colloquy with Mendoza. Acknowledging that Judge Keller may have acted improperly, Judge Taylor indicated that he would grant Mendoza's request to withdraw her guilty plea, if she made one. She did not. Judge Taylor did not, however, ask Mendoza heself if she wished to withdraw her plea.

Under Rule 11(h), failures to comply with Rule 11 are considered harmless error unless they affect a defendant's substantial rights. According to Ninth Circuit precedent, a court is permitted to uphold a guilty plea accepted in violation of Rule 11 only when the violations are "minor or technical." *United States v. Smith,* 60 F.3d 595, 600 (9th Cir.1995). In this case, Rule 11(h) requires us to consider the entirety of the district court's interactions with Mendoza, including the events constituting the Rule 11(e) violation, Judge Keller's plea colloquy, and Judge Taylor's actions, in determining whether any violation of Rule 11 remaining after Judge Taylor's involvement as "minor or technical." After doing so, we conclude that given the unusual circumstances of this case, Judge Taylor did not do enough to remedy Judge Keller's Rule 11(e) violation.

In light of the events preceding the earlier plea, Judge Taylor could not simply rely on the actions of Mendoza's lawyer to determine the validity of Mendoza's plea; he had to make this determination based on communications with Mendoza herself. Rule 11(c) and (d)'s requirements, detailing how the court must personally address a defendant, indicate that obtaining personal assurances from a defendant is an essential part of a court's responsibility in accepting a guilty plea. As noted, the statements Mendoza made in the plea colloquy before Judge Keller could not be the requisite personal assurances because of the earlier Rule 11(e) violation. And instead of himself obtaining these personal

assurances, Judge Taylor placed the burden on Mendoza's lawyer to convey Mendoza's preferences regarding her guilty plea, even though Mendoza's lawyer specifically suggested to Judge Taylor that the court should conduct a colloquy directly with Mendoza.

In addition, Judge Taylor decided to regard Mendoza and her lawyer's silence as acquiescence to the plea. Although reliance on counsel and defendant inaction is appropriate in many other aspects of administering criminal justice, it is not appropriate in the context of accepting a defendant's guilty plea. Rule 11 explicitly places the burden on the court, rather than on the defendant or her counsel, "to determine that the defendant's plea is knowing and voluntary." *United States v. Gastelum,* 16 F.3d 996, 1000 n. 6 (9th Cir.1994).

Because the district court never obtained personal assurances from Mendoza that her guilty plea was knowing and voluntary, we remand the case to the district court and order it to conduct a colloquy. In this colloquy, the district court should make sure that Mendoza understands her rights and determine if she wants to withdraw her plea. If she expresses a desire to withdraw her plea, the court should vacate her conviction and allow Mendoza either to replead or go to trial.

REVERSED AND REMANDED for proceedings in accord with this disposition.